WOODARD, Judge.
Defendant, Moses Andrus, was charged by bill of information filed on November 13, 1990, with issuing a worthless check valued in excess of $100.00 but less than $500.00 on or about January 6, 1988. On March 10, 1992, the bill was amended in order to change the date from January 6, 1988 to January 6, 1989.[1] Thereafter, defendant waived trial by jury and, after a bench trial on March 10, 1992, the court found defendant guilty as charged. On June 26, 1992, the court sentenced defendant to serve twelve months in the parish jail and suspended this sentence placing the defendant on two years active supervised probation with special conditions that he pay a supervisory fee to the Department of Corrections and make restitution in the amount of $457.00 within the first year of supervision. The court further stated that if restitution was paid, the court would consider terminating the probation. It is from this conviction that defendant appeals alleging one assignment of error. We reverse.
FACTS
On January 6, 1989, defendant opened a checking account with the Bank of Commerce in Crowley, Louisiana with an initial deposit of $490.00. Subsequently, on the same date, defendant wrote a check to Phillips Car Clinic in the amount of $450.00 to pay for mechanical repairs to his car. Mr. Phillips, the owner of Phillips Car Clinic, testified that he made a deposit on January 6, 1989, which included the $450.00 check. Although Mr. Phillips deposited the check on January 6, 1989, it was not presented for payment at defendant’s bank until the next Tuesday, January 10, 1989, at which time it was dishonored because of insufficient funds.
The inadequate balance in defendant’s account can be directly attributed to the following actions on the part of the defendant. After issuance of the $450.00 check, defendant issued three checks for the following amounts: $20.00, $50.00 and $11.57. These checks were in direct competition with defendant’s outstanding check for $450.00 to Phillips Car Clinic. However, to further hamper full payment of the $450.00 check, defendant cashed a $200.00 check at his bank on Monday, January 9, 1989. As a result, when the $450.00 check, along with the $20.00, $50.00 and $11.57 were presented for payment, the smaller checks were paid but the $450.00 eheck was returned dishonored.
After being notified that defendant’s check had been dishonored, Mr. Phillips waited a couple of days and then sent defendant a notification through certified mail delivered on January 31, 1989, advising defendant that his check had not cleared. Defendant made no response. Testimony revealed that defendant was not pleased with the car repairs and attempted to stop payment on the $450.00 check on January 12, 1989. However, by then, it was too late because the check had already been returned.
LAW
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In the present case defendant was found guilty of issuing a worthless check valued in excess of $100.00 but less than $500.00, a violation of La.R.S. 14:71. To prove the crime of issuing worthless checks, the state must prove beyond a reasonable doubt the following elements: 1) the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, 2) with intent to defraud, 3) any check, draft or order for the payment of money upon any bank or other depository, 4) knowing at the time of the issuing that the offender has not sufficient credit with the bank, or other depository for the payment of such *1336 check, draft or order in full upon its presentation. La.R.S. 14:71.
Defendant claims that the State failed to prove the fourth element: namely, that it failed to show he knew at the time he issued the check that he had insufficient credit to cover the amount of the check. We agree.
In discussing this element of the crime, the trial judge stated:
I think what we have to keep in mind in the construction of this statute is that there are two separate time intervals contemplated by the statute, the actual issuance, that is the delivery of the check to the payee by the payor, and the payment of the check, that is when the check is actually presented to the bank and the bank makes payment of the check to the payee.... I think in construing the statute that the word “credit” refers not to the issuance as such, but rather to the presentation for payment. So you have two separate elements. You have issuance and payment that you have to consider in construing the statute. From the sequence of events as presented by the activity in this particular account by this particular defendant, the Court has no difficulty in inferentially concluding that at the time that he issued this check that his further activity over that weekend and the following Monday that there was no possible way that there would have been sufficient funds in that account for the payment of this check upon presentation. Accordingly, I find him guilty.
This interpretation goes beyond the plain language of the statute which focuses on what the defendant knows “at the time of issuing.” It is well settled that criminal statutes must be strictly construed in favor of the defendant. State v. Russland Enterprises, 555 So.2d 1365 (La.1990). When defendant issued the check for $450.00, he had sufficient credit with the bank for payment of the check. In order for the State to prove the element of the crime at issue sub judice, it would have to show that defendant knew, when he issued the $450.00 check, that he would then write other checks which would be presented for payment prior to the $450.00 check and would result in insufficient funds to cover the $450.00 check. There is no evidence in the record establishing that defendant knew this when he issued the $450.00 check. The State has failed to meet its burden in proving this element of the offense. As a result, the defendant is entitled to an acquittal.
For the foregoing reasons, defendant’s conviction and sentence are reversed and set aside; a judgment of acquittal is hereby rendered; and the defendant is ordered discharged.
CONVICTION AND SENTENCE REVERSED; ACQUITTAL ORDERED; DEFENDANT DISCHARGED.
DOMENGEAUX, C.J., dissents and assigns reasons.

. The amendment to the bill of information reflects the fact that the check was erroneously dated January 6, 1988, instead of the correct date of January 6, 1989.